UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH GLAVIANA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5655** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION B(5)** |

ORDER AND REASONS

Before the Court is Defendant State Farm Fire And Casualty Company's Motion For Partial Summary Judgment On Claim For Attorney's Fees And 50% Penalty Under La. Rev. State. §§ 22:652 And 22:658. (Rec. Doc. No. 11). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Partial Motion for Summary Judgment is **GRANTED.**

*BACKGROUND*

On or about August 29, 2005, Plaintiff's property allegedly sustained damage from wind and wind driven rain as a result of Hurricane Katrina. Plaintiff's State Farm Fire And Casualty Company ("State Farm") homeowners' insurance policy was in effect on or about August 29, 2005. Plaintiff provided Defendant State Farm with a sworn proof of loss on or before October 25, 2005.[1]

On July 28, 2006, Plaintiff filed suit against State Farm asserting claims of negligence and bad faith. Plaintiff seeks

---

[1]Petition For Damages, ¶ 4.

1

damages, statutory penalties, and attorney fees.

Defendant State Farm contends Plaintiff's claims for attorney fees and a 50% penalty under La. Rev. Stat. §§ 22:652 and 22:658 should be dismissed as a matter of law.  First, State Farm contends Plaintiff has no private right of action under La. Rev. Stat. § 22:652.  Second, Defendant contends Plaintiff cannot recover attorneys fees or a penalty greater than 25% of proven loss under La. Rev. Stat. § 22:658.

Plaintiff acknowledges that La. Rev. Stat. § 22:652 does not provide a private right of action and, therefore, Plaintiff will not pursue claims under said statute.[2]  However, Plaintiff contends that State Farm is liable for attorney fees and a 50% penalty under La. Rev. Stat. § 22:658.

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby,*

---

[2]*Plaintiff's Opposition To Defendant's Motion For Summary Judgment* (Rec. Doc. No. 12), p.4.

*Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.**   ***Louisiana Revised Statute § 22:658***

Plaintiff seeks to recover attorney's fees and a 50% penalty for State Farm's failure to comply with the provisions of La. Rev. Stat. § 22:658.

The Louisiana legislature recently amended La. Rev. Stat. § 22:658 increasing penalties for violating said statute from 25% to 50% plus reasonable attorney fees and costs.[3]  The amended statute became effective on August 15, 2006.[4]  The Louisiana legislature did not express an intention for La. Rev. Stat. 22:658 to apply retroactively and Louisiana courts have consistently declined to do

---

[3]*Ferguson v. State Farm Ins, Co.*, 2007 WL 1378507, * 3 (E.D. La. 2007)(citing 2006 La. Acts No. 813.)

[4]*Id.*

3

so.[5]

The Court finds that the alleged conduct giving rise to Plaintiff's claims occurred prior to August 16, 2006. Therefore, Plaintiff's recovery under La. Rev. Stat. § 22:658, if any, is limited to 25% as a matter of law. Accordingly,

**IT IS ORDERED** that Defendant's Motion For Partial Summary Judgment On Claim For Attorney's Fees And 50% Penalty Under La. Rev. State. §§ 22:652 And 22:658 is **GRANTED,** reserving Plaintiff's right to seek recovery of penalties under applicable law in effect prior to August 16, 2006, i.e. 25% of the amount due under the homeowner's policy.

New Orleans, Louisiana this 18th day of July, 2007.

UNITED STATES DISTRICT JUDGE

---

[5] See *Ferguson v. State Farm Ins, Co.*, Civ. Docket No. 06-3936 (E.D. La. May 4, 2007)(citing *Tomlinson v. Allstate Ins. Co.*, Civ. Docket No. 06-617 (E.D. La. Feb. 12, 2007), *Lewis v. State Farm Ins. Co.*, 946 So.2d 708, 728-29 (La Ct. App. 2006), *Geraci v. Byrne*, 934 So.2d 263, 267 (La. Ct. App. 2006)) and *Weiss v. Allstate Ins. Co.*, Civ. Docket No. 06-3774 (E.D. La. March 28, 2007).